UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TODD T. WYNNE,

    Plaintiff,

v.                                      Case No: 2:13-cv-172-FtM-38DNF

CAPE CORAL CHARTER SCHOOL
AUTHORITY,

    Defendant.
_____/

### **ORDER**[1]

This matter comes before the Court on Rule 72 Objection (Doc. #25) filed on November 6, 2013. On March 7, 2013, Plaintiff initiated this matter by filing a Complaint against Defendant seeking recovery of unpaid wages. (Doc. #1). Thereafter, this case was reassigned to the undersigned on May 30, 2013. On August 14, 2013, Plaintiff filed an Acceptance of Offer of Judgment, the related Offer of Judgment, and Memorandum in Support. (Doc. #19, Doc. #19-1, Doc. #20). On August 19, 2013, United States Magistrate Judge Douglas N. Frazier issued an order requiring the Parties to file additional information regarding the offer of judgment pursuant to the standard outlined in Lynn's Food Stores, Inc.. (Doc. #21) (citing Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1354-55 (11th Cir. 1982); Kingsley v. Noonan, No. 6:12-cv-500-Orl-22TBS, 2012 WL 5378743 (M.D. Fla. Oct. 31, 2012); Dowell v. Kidz R 4 UZ, Inc., No.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

6:08-cv-651-Orl-22KRS, 2009 WL 113284 (M.D. Fla. Jan. 16, 2009); Holcomb v. Mortgage House, Inc., No. 6:06-cv-45-Orl-22DAB, 2007 WL 129008 (M.D. Fla. Jan. 13, 2007)). Plaintiff filed a motion for reconsideration of the Magistrate Judge's Order, (Doc. #22), which was ultimately denied, (Doc. #24). Now Plaintiff has filed an objection. (Doc. #25). Plaintiff contends the Clerk of Court was required to enter judgment on or about August 14, 2013, when Plaintiff filed the accepted offer of judgment. Additionally, Plaintiff contends the Orders entered by the Magistrate Judge are not authorized by 28 U.S.C. § 636.

A district court reviews an objection to a non-dispositive order of a magistrate judge to determine whether the order was clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a). The Court does not find any reason to overturn the decisions made by the Magistrate Judge. Even though courts may normally enter judgment once the offer, notice of acceptance and proof of service are filed with the court, courts do not do so when it conflicts with other requirements of federal law. BAICKER-MCKEE ET AL., FEDERAL CIVIL RULES HANDBOOK 1288 (2013). When employees, as here, bring a private action for back wages under the FLSA, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness. Lynn's Food Stores, Inc. v. U.S. By and Through U.S. Dept. of Labor, Employment Standards Admin., Wage and Hour Division, 679 F.2d 1350, 1353 (11th Cir. 1982) (citation omitted); Norman v. Alorica, Inc., No. 11-00433-KD-C, 2012 WL 5452196, at *2 (S.D. Ala. Nov. 7, 2012) ("Notably, although the motion is brought under Rule 68, pursuant to Lynn's Food Stores, Inc. v. United States of America, 679 F.2d 1350 (11th Cir. 1982), judicial review and approval of this settlement is still necessary to give it final and

binding effect.") (citing Arencibia v Miami Shoes, Inc., 113 F.3d 1212 (11th Cir. 1997); Baxter v. Automated Gate Sys., Inc., No. 6:09-cv-350-Orl-18GJK, 2010 WL 3730900, at *2 (M.D. Fla. Sept. 2, 2010); Delgado v. Excel One, Inc., No. 6:07-cv-1934-Orl-22GJK, 2009 WL 1456452, at *1 (M.D. Fla. May 22, 2009); Urshan v. Orlando Utilities Comm'on, No. 6:08-cv-2029-Orl-22DAB, 2009 WL 2392060, at *2 (M.D. Fla. Apr. 20, 2009)). Here the Parties have not provided appropriate documentation with regard to the settlement. Also, here the Parties do not indicate whether the settlement involves a compromise and whether Plaintiff has been offered full compensation on his claim. See MacKenzie v. Kindred Hospitals East, LLC, 276 F.Supp.2d 1211, 1217 (M.D. Fla. 2003) ("There is no need for judicial scrutiny where, as here, the defendant represents that it has offered the plaintiff more than full relief, and the plaintiff has not disputed that representation."). Plaintiff cites to no authority showing that its use of Rule 68 in such a manner is appropriate. This district has concluded that until further guidance is received from the Eleventh Circuit or the United States Supreme Court, a Rule 68 offer of judgment in a FLSA case does not relieve it of the duty to make the fairness finding required by Lynn's Food Stores, Inc. Dowell, 2009 WL 113284 at *2.

      Lastly, Plaintiff's contention that the Magistrate Judge was not permitted to issue orders in this matter without consent from the Parties or referral from a district court is without merit. Plaintiff highlights two specific orders issued by the Magistrate Judge that he believes were issued without proper authorization. (See Doc. #21 and Doc. #24). The first order required the Parties to jointly file additional information with regard to Plaintiff's Notice of Acceptance of Offer. (Doc. #21). The second order denied Plaintiff's

Motion for Reconsideration with regard to the previous Order.[2] (Doc. #24). The jurisdiction and powers of a magistrate judge are set forth in 28 U.S.C. § 636 and Local Rule 6.01(c)(18). The Magistrate Judge did not overstep his authority in this matter.

Accordingly, it is now

**ORDERED:**

Rule 72 Objection (Doc. #25) is **OVERRULED** and **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 21st day of November, 2013.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

---

[2] The docket reveals the Motion for Reconsideration (Doc. #24) was explicitly referred to the United States Magistrate Judge.

4