UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TODD T. WYNNE,

    Plaintiff,

v.                                           Case No:  2:13-cv-172-FtM-38DNF

CAPE CORAL CHARTER SCHOOL
AUTHORITY,

    Defendant.
_____/

### ORDER[1]

On Friday, January 24, 2014, the Court held a Preliminary Pretrial Conference to set the trial schedule, inform the Parties of the Court's procedures, and discuss any unique issues anticipated by Counsel. During this time, Defendant orally requested the Court to review Defendant's Response (Doc. #34) filed on December 23, 2013 regarding the Court's December 19, 2013 Order. The Court agreed to do so. On January 28, 2014, Defendant filed an additional response (Doc. #38).

Based upon the request, the Court has reviewed the relevant documents and the docket again. The documents are in response to an order issued by Magistrate Judge Douglas N. Frazier rather than a response to an order issued by the undersigned. Nevertheless, the Court understands Defendant's position in this litigation. The Court is

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

especially aware that "Plaintiff has declined to provide details regarding the settlement and insists upon entry of a judgment pursuant to Fed.R.Civ.P. 68." (Doc. #34, ¶1). The Court is further aware that "Defendant is unable to provide a Joint Statement containing the information requested by the Court in its Orders entered August 19, 2013 and October 25, 2013" because Plaintiff has refused to cooperate with Defendant and the Court's Orders. (Doc. #26, ¶6). The Court also recognizes Defendant states it has "remain[ed] ready, willing, and able to comply with the Court Orders to the greatest extent possible, including filing a unilateral statement." (Doc. #26, ¶6).

In reviewing the documents that have been entered into the record by Counsel, the Court finds that it is clear the Parties dispute whether there is "a fair and reasonable resolution of a bona fide dispute." In fact, the Plaintiff's own pleading indicates he believes that he is owed additional unpaid overtime under the three year statute of limitations in addition to that paid and accepted under the two year statute of limitations. Clearly, then, the Plaintiff is claiming a compromise which must be reviewed to determine whether the settlement is a reasonable resolution of a bona fide dispute. Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1354-55 (11th Cir. 1982); see Kingsley v. Noonan, No. 6:12-cv-500-Orl-22TBS, 2012 WL 5378743 (M.D. Fla. Oct. 31, 2012); Dowell v. Kidz R 4 UZ, Inc., No. 6:08-cv-651-Orl-22KRS, 2009 WL 113284 (M.D. Fla. Jan. 16, 2009); Mannino v. Anderson-Collins, Inc., No. 6:07-cv-1853-ORL-28GJK, 2008 WL 2857061 (M.D. Fla. July 22, 2008); Holcomb v. Mortgage House, Inc., No. 6:06-cv-45-Orl-22DAB, 2007 WL 129008 (M.D. Fla. Jan. 13, 2007).

Accordingly it is hereby

**ORDERED:**

The Clerk of Court is directed to issue the Case Management and Scheduling Order consistent with the dates as discussed during the Friday, January 24, 2014 Preliminary Pretrial Conference.

**DONE** and **ORDERED** in Fort Myers, Florida this 14th day of February, 2014.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record